UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SENATE REPUBLICAN CAMPAIGN
COMMITTEE; KEN SIKKEMA FOR SENATE;
FRED TAYLOR, a registered voter; ROGER
KAHN; FRIENDS OF ROGER KAHN FOR
SENATE; LAURA TOY; LAURA M.
TOY FOR STATE SENATE; JOHN
PAPPAGEORGE FOR STATE SENATE; and
FRIENDS OF JOHN PAPPAGEORGE
FOR STATE SENATE,

                  Plaintiffs,

                                                Case Number 06-14925-BC
v.                                          Honorable Thomas L. Ludington

TERRI LYNN LAND, Secretary of State;
SENATE DEMOCRATIC FUND; KEN BROCK;
SENATE DEMOCRATIC FUND TREASURER;
CARL WILLIAMS, CARL WILLIAMS FOR
SENATE; ALEXANDER LIPSEY; CITIZENS FOR
ALEXANDER LIPSEY; BOB SCHOCKMAN;
COMMITTEE TO ELECT BOB SCHOCKMAN;
GRETCHEN WHITMER, COMMITTEE TO ELECT
GRETCHEN WHITMER; MICHAEL SWITALSKI;
COMMITTEE TO ELECT MICHAEL SWITALSKI;
SAMUEL BUZZ THOMAS; COMMITTEE TO ELECT
SAMUEL BUZZ THOMAS; LIZ BRATER; FRIENDS
OF LIZ BRATER; MIKE PRUSI; FRIENDS OF MIKE
PRUSI; GILDA JACOBS; GILDA JACOBS FOR
SENATE; GLENN ANDERSON; GLENN ANDERSON
FOR STATE SENATE; MARK SCHAUER; MARK
SCHAUER FOR STATE SENATE; MARK SLAVENS;
MARK SLAVENS FOR STATE SENATE; ANDY LEVIN;
and FRIENDS OF ANDY LEVIN,

                  Defendants

_____/

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER,
SCHEDULING PRELIMINARY INJUNCTION HEARING, AND
DIRECTING EXPEDITED BRIEFING**

The plaintiffs, the Michigan State Senate Republican Campaign Committee, a registered voter, Republican candidates for the Michigan State Senate, and their campaigns, filed a motion for a temporary restraining order to enjoin the defendants from transferring, expending, and further accepting alleged illegal campaign funds this afternoon.  The defendants include the Secretary of State of Michigan, the Senate Democratic Fund and its treasurer, and Democratic candidates for the Michigan State Senate and their campaigns.  The plaintiffs also request that the Court seize $440,250 in campaign finance contributions and place them in escrow, and direct the defendant Secretary of State to investigate the alleged campaign finance violations.  The Court has reviewed the plaintiffs' submissions and finds that the plaintiffs have not made a showing required to obtain *ex parte* relief, although the plaintiffs have persuaded the Court that a hearing on the request for preliminary injunctive relief is appropriate.

I.

The plaintiffs claim that the defendants have received funds and then directed their use to political advantage.  Specifically, the plaintiffs state that the defendants shifted campaign contributions, through the use of the Senate Democratic Fund, from "non-competitive" election races to "competitive" election races.  The plaintiffs allege that the defendant Senate Democratic Fund has contributed approximately $927,000 to "competitive" campaigns and further allege that over $435,000 of those contributions violated the law.

The plaintiffs present three legal arguments in their submissions.  First, they contend that the Senate Democratic Fund, the defendant candidate committees, and the defendant candidates, have systematically violated the Michigan Campaign Finance Act, Mich. Comp. Laws § 169.201 *et seq.*, by accepting and making campaign finance contributions in excess of $20,000, the statutory limit.

Second, the plaintiffs maintain that violations of the Act give rise to a claim under the First and Fourteenth Amendments because other provisions of the Campaign Finance Act prevent the Secretary of State from enforcing the spending limits thirty days prior to an election.  Third, they claim that although the Act provides certain remedies for enforcement, those remedies are inadequate under the present circumstances.

The plaintiffs  purport to bring their claims under 42 U.S.C. § 1983 and allege they will suffer irreparable harm in the upcoming November 7, 2006 election if the illegal contributions are not disgorged and prevented from continuing.

II.

In their prayer for relief, the plaintiffs request a temporary restraining order and preliminary injunction that enjoins the Senate Democratic Fund from transferring  $440,250 and requests that the defendant Secretary of State investigate what they feel are illegal campaign finance contributions; enjoins the Senate Democratic Fund from expending $440,250 in illegal campaign finance contributions obtained by the Democratic Caucus; enjoins the Senate Democratic Fund from accepting further illegal campaign contributions; enjoins the defendant candidates from accepting from or expending further illegal contributions related to the Senate Democratic Fund; and finally, seizes the $440,250 described above and places it in escrow until the matter is resolved.  The plaintiffs state that their papers were served on the defendants today.

Federal Rule of Civil Procedure 65(b) states in part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage *will result* to the applicant *before the adverse party or that party's attorney can be heard in opposition*, and (2) the applicant's attorney certifies

to the Court in writing the efforts, if any, which have been made to give the notice
and the reason supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

"Reasonable notice" consists of information received within a reasonable time to permit an

opportunity to be heard.  *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974)

(noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs

counter to the notion of court action taken before reasonable notice and an opportunity to be heard").

In this case, none of the pleadings contain facts or reasons "supporting the claim that notice should

not be required." Fed. R. Civ. P. 65(b).  Nor are there sufficient factual allegations establishing that

irreparable harm may result "before the adverse party or that party's attorney can be heard in

opposition."  *Ibid.*   Although the election is next week, the Court believes that there still is a

meaningful opportunity for the defendants to be heard.

A temporary restraining order is an extraordinary remedy that generally is reserved for

emergent situations in which a party may suffer irreparable harm during the time required to give

notice to the opposite party or where notice itself may precipitate the harm.  *See Hambell v.

Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). The plaintiffs may

well be entitled to equitable relief.  On the present record, however, the Court finds that the drastic

remedy of granting a temporary restraining order without reasonable notice is not justified.  The

Court, therefore, will consider the matter as a motion for preliminary injunction.

III.

After considering the plaintiffs' submissions, the Court concludes that the request for a

temporary motion is not warranted, the motion for preliminary injunction should proceed and will

be scheduled for hearing, and expedited briefing by the parties is critical to a resolution of the

plaintiffs' motion.  Specifically, the parties should address:

1. Whether, as a matter of federal court jurisdiction and 42 U.S.C. § 1983, the provisions of the Michigan Campaign Finance Act that prevent the Secretary of State from enforcing contribution limits for thirty days before an election violate rights secured by federal law or the federal Constitution that would entitle the plaintiffs to relief under 42 U.S.C. § 1983.

2. Whether a clear violation of the $20,000 campaign contribution limit set forth in Mich. Comp. Laws § 169.252a has occurred.

Accordingly, it is **ORDERED** that the plaintiffs' motion for a temporary restraining order

is **DENIED.**

It is further **ORDERED** that the plaintiffs' motion for preliminary injunction is scheduled

for a hearing before this Court on **Friday, November 3, 2006** at **10:00 a.m.**  The plaintiffs, or

persons they shall designate, will be allocated thirty minutes for oral argument.  The defendant

Secretary of State, or person she shall designate, will be allocated fifteen minutes.  The defendant

committees, or persons they may designate, will be allocated thirty minutes collectively.

It is further **ORDERED** that the parties are directed to file briefs on the issues identified

above and any other submissions they would like the Court to consider **on or before 5:00 p.m.,**

**Thursday, November 2, 2006**.  Submissions received after the deadline will not be considered.

It is further **ORDERED** that counsel for the plaintiffs shall cause a copy of this order to be

served on the defendants by **10:00 a.m., Thursday, November 2, 2006**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 1, 2006.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS